UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SHANNON CHARLES FERGUSON<br>    LA. DOC #214807<br>VS. | CIVIL ACTION NO. 6:13-cv-0965<br><br>SECTION P<br><br>JUDGE RICHARD T. HAIK, SR. |
| WARDEN ROBIN LANDRY | MAGISTRATE JUDGE PATRICK J. HANNA |

REPORT AND RECOMMENDATION

Petitioner Shannon Charles Ferguson is a detainee at the St. Mary Parish Law Enforcement Center awaiting trial on felony charges pending in the Sixteenth Judicial District Court, St. Mary Parish, under Docket Numbers 11-186950 and 12-188528. He filed the instant petition for *habeas corpus* on May 28, 2013. He seeks dismissal of the pending charges and his release from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be construed as arising under 28 U.S.C. §2241 and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Statement of the Case*

On May 8, 2013 petitioner filed a hand-written *pro se* pleading entitled "Petition for Writ of Habeas Corpus." He invoked the Court's jurisdiction pursuant to 28 U.S.C. §§ 2254 and 1654 claiming that he was "involuntarily placed in St. Mary Parish Jail 8th day of June 2012, by order of the 16th Judicial District Court..." He claimed that his confinement was illegal because he

was being denied access to the courts, due process, the right to defend himself, access to the "raw material integral to building effective defense" such as transcripts and independent testing of the evidence, and, the right to bring grievances before the government. He prayed for an order directing his immediate release from "involuntary placement" in the St. Mary Parish Jail.[1]

On May 8, 2013 petitioner filed a pro se "Motion for Production of Transcripts of the Complete Record All State Courts." [Doc. 4]

On September 5, 2011 petitioner resubmitted his petition for *habeas corpus* on the form provided to State prisoners attacking their convictions pursuant to Section 2254. In that form he claimed to be attacking judgments dated November 14, 2012, February 22, 2013, March 13, 2013, and June 20, 2013 entered in Case Number 11-186950 and 12-188528 of the Sixteenth Judicial District Court. He articulated the following grounds for relief, (1) denial of the right to

---

[1] He attached to this pleading the following exhibits:
(1) A pro se motion to suppress evidence filed in Case Number 11-186950 in August 2012 [Doc. 1-3, pp. 3-6]; (2) A pro se motion for discovery filed in Case Number 11-186950 in August 2012 [Doc. 1-3, pp. 7-8]; (3) An August 2012 pro se motion to recall attachments which had issued when petitioner failed to appear for a court date in Case Number 11-186950 [Doc. 1-3, pp. 9-10]; (4) A pro se motion to quash filed in Case Number 11-186950 in September 2012 [Doc. 1-3, pp. 11-12]; (5) Notices of Felony Trial Date in Case Number 11-186950 and 12-188528, fixing trial for November 2012 and then March 5, 2013 and May 28, 2013 [Doc. 1-3, pp. 14-16]; (6) Copies of various other pro se motions and orders denying same in Case Number 11-186950 and 12-188528 dated March and April 2013 [Doc. 1-3, pp. 17-26]; (7) Louisiana First Circuit Court of Appeals Notice of Writ dated December 4, 2012 indicating that petitioner had filed a writ seeking review of a judgment in Case Number 11-186950 and assigned Court of Appeals Docket No. 2012-KW-1988 [Doc. 1-3, p. 27]; (8) A pro se writ application filed in the First Circuit Court of Appeals seeking review of the denial of his motions in Case Number 11-186950 and 12-188528 [Doc. 1-3, pp. 28-30]; (9) Louisiana Supreme Court Notice of Writ dated March 8, 2013 referencing District Court Case Number 11-186950 and 12-188528 and First Circuit Docket Number 2012-KW-1988 and assigned Supreme Court Docket Number 2013-KH-517 [Doc. 1-3, p. 31]; and, (10) Louisiana Supreme Court judgment denying writs in the matter entitled *State of Louisiana ex rel. Shannon C. Ferguson v. State of Louisiana*, 2013-KH-0517 (La. 4/12/2013) [Doc. 1-3, p. 32].

2

self-representation; (2) denial of the right of access to courts by failing to provide hearings on his numerous pro se motions; and (3) denial of the right to a speedy trial. Again, he prayed for the dismissal of the criminal charges in Case Number 11-186950 and 12-188528. [Doc. 7][2]

On September 5, 2013 petitioner filed a *pro se* Motion to Amend Pleadings. He alleged that at a hearing on August 21, 2013 he was told that the people he subpoenaed did not have to appear. He alleged "witness tampering" and again prayed for the dismissal of pending charges. [Doc. 9] He attached to the motion a copy of his *pro se* motion for bond reduction, suppression, and 701 hearing dated August 6, 2013; and, a copy of the prisoner grievance he filed on August 22, 2013 seeking "legal copies and mail out." [Doc. 9-1]

On September 17, 2013 he filed another Motion to Amend Pleadings virtually identical to the September 5 motion. As before, he prayed for dismissal of the pending charges and his release from custody. [Doc. 13]

### *Law and Analysis*

Petitioner is a pre-trial detainee challenging pending Louisiana state court criminal prosecutions on various grounds. Thus, this petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v.*

---

[2] He also provided exhibits, including his July 27, 2013 application for writs filed in the First Circuit Court of Appeals; the August 14, 2013 Notice of Writ from the First Circuit under Docket Number 2013-KW-1385; various judgments of the Sixteenth Judicial District Court denying petitioner's pro se motions; the June 20, 2013 Court Minutes of the Sixteenth Judicial District Court granting petitioner's right to represent himself and relieving the St. Mary Parish Public Defender from its duty to represent petitioner in the pending criminal prosecutions; and the Supreme Court writ denial dated April 12, 2013. [Doc. 7-1]

*Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

Notwithstanding the fact that a federal court may theoretically exercise jurisdiction over a pre-trial *habeas* petition filed pursuant to Section 2241, a federal court should ordinarily abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493, 93 S.Ct. 1123, 1129; *Dickerson,* 816 F.2d at 225-226. The jurisprudence distinguishes between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" from one who seeks only to enforce the state's obligation to bring him promptly to trial. *Dickerson*, 816 F.2d at 225. In *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976), the Fifth Circuit articulated the distinction:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution

> is of the first type, while an attempt to force the state to go to trial is of the second. While the former objective <u>is normally not attainable through federal *habeas corpus*</u>, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir.1976).

It clearly appears from the pleadings filed herein that throughout these proceedings petitioner has sought nothing other than the dismissal the charges pending in the Sixteenth Judicial District Court and his immediate release from the custody of the St. Mary Parish Law Enforcement Center, relief he was not entitled to under either Louisiana's Speedy Trial law[3] or federal *habeas corpus* law as outlined above. Further, with regard to his major complaint herein, it appears that he has been granted the right to represent himself, and thus any claim for relief on that basis is moot. Exhibits, Doc. 7-1, p. 18 (Court Minutes, June 20, 2013).

Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition be construed as filed pursuant to 28 U.S.C. §2241 and that it be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Further, in light of the foregoing, petitioner's pending Motion for Production of Transcript, etc. [Doc. 4] is **DENIED**; his Motion to Amend [Doc. 9] is **DENIED** as moot since it appears that petitioner has, in accordance with Local Rule 3.2, been permitted to file an amended petition without leave of Court.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

---

[3] A violation of La. C.Cr.P. art. 701 does not result in the dismissal of charges and cessation of prosecution, but rather the release of the defendant from custody and the discharge of any bond obligation.

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Lafayette, Louisiana September 24, 2013.

_____
PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**